**DEFEI LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2427–ag.

United States Court of Appeals,
Second Circuit.

April 11, 2007.

Koston H. Feng, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Katharine J. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defei Liu petitions for review of the April 24, 2006 BIA decision affirming the November 17, 2004 decision of immigration judge ("IJ") Noel Anne Ferris denying his applications for asylum and withholding of removal. *In re Defei Liu, a.k.a. Dehui Liu,* No. A77–281–048 (B.I.A. April 24, 2006), *aff'g* No. A77–281–048 (Immig. Ct. N.Y. City Nov. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Because the BIA, here, also supplemented the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ In this case, substantial evidence supports the IJ's adverse credibility finding. As the IJ noted, Liu's testimony was confusing and inconsistent throughout the hearing, including the dates and the amount of time Liu spent hiding, the dates he attempted to register his marriage, where he had obtained a "fake" letter in support of his claim, and the date he received his wife's intrauterine device ("IUD") check-up booklet. See Zhou Yun Zhang, 386 F.3d at 74; see also Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder") (internal citations omitted).

Further, Liu's airport interview directly contradicted Liu's testimony, and the IJ did not err in considering the airport interview in finding Liu incredulous, where the airport interview appears to be a sufficiently accurate record of Liu's statements. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004); see also Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also properly relied on Liu's demeanor throughout the hearing as an additional basis for her adverse credibility finding. See Majidi, 430 F.3d at 81 n. 1. Specifically, Liu consistently had his head down, did not look at anyone while testifying, hesitated in his answers, and was barely audible. This Court gives deference to the IJ's assessment of Liu's demeanor in her adverse credibility finding. See id.; Zhou Yun Zhang, 386 F.3d at 73–74.

■ Finally, the adverse credibility finding was not affected by the BIA's reversal of the IJ's finding that Liu had filed a frivolous application. This Court has stated that "a finding of frivolousness does not flow automatically from an adverse credibility determination." Liu v. U.S. Dept. of Justice, 455 F.3d 106, 113 (2d Cir.2006). Here, the adverse credibility finding remains intact, because it is supported by substantial evidence.

To the extent Liu's withholding claim was dependent on the same facts the IJ found not credible in the asylum context, the adverse credibility finding precludes success on that claim as well. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).

Because Liu failed to exhaust his administrative remedies regarding any CAT claim, we are precluded from reviewing that claim in the first instance. See 8 U.S.C. § 1252(d)(1); Theodoropoulos v. INS, 358 F.3d 162 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED.